ELECTRONICALLY FILED - 2022 Feb 28 2:31 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA COUNTY OF CHARLESTON | IN THE COURT OF COMMON PLEAS FOR THE NINTH JUDICIAL CIRCUIT |
| FOUR SEASONS TRANSPORTATION, LLC AND ANTRON GADSDEN, | CASE NUMBER: 2022-CP-10- |
| Plaintiffs, | |
| v. | **SUMMONS**<br>**(JURY TRIAL REQUESTED)** |
| ENTERPRISE LEASING COMPANY – SOUTHEAST, LLC D/B/A ENTERPRISE RENT A CAR, AMERICAN MILLENNIUM INSURANCE COMPANY | |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 8086 Rivers Avenue, Suite A, North Charleston, SC 29406, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

**WIGGER LAW FIRM, INC.**

s/ Jarrel L. Wigger
Jarrel L. Wigger, Esq.
Attorney for the Plaintiffs
8086 Rivers Avenue
N. Charleston, SC 29406
Phone No.: (843) 553-9800
Fax No.: (843) 553-1648
Email: jwigger@wiggerlawfirm.com

North Charleston, South Carolina
this 28th day of February 2022.

ELECTRONICALLY FILED - 2022 Feb 28 2:31 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT |
| FOUR SEASONS TRANSPORTATION, LLC<br>AND ANTRON GADSDEN, | CASE NUMBER: 2022-CP-10- |
| Plaintiffs,<br><br> v. | **COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |
| ENTERPRISE LEASING COMPANY –<br>SOUTHEAST, LLC D/B/A ENTERPRISE<br>RENT A CAR, AMERICAN MILLENNIUM<br>INSURANCE COMPANY, | |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANTS:

The Plaintiffs, by and through their undersigned attorney and complaining of the Defendants would show unto this Honorable Court as follows:

## JURISDICTION AND PARTIES

**ONE:** The Plaintiff, Four Seasons Transportation, LLC, is a corporation organized and existing under the laws of the State of South Carolina, is licensed to do business in the State of South Carolina, and conducts business in Charleston County, South Carolina, and is owned and operated by Plaintiff Antron Gadsden.

**TWO:** The Plaintiff, Antron Gadsden, is a citizen and resident of Charleston County, South Carolina.

**THREE:** Upon information and belief, the Defendant, Enterprise Leasing Company – Southeast, LLC, d/b/a Enterprise Rent-a-Car (hereinafter "Defendant Enterprise"), is a corporation organized and existing under the laws of a state other than the State of South Carolina, is licensed to do business in the State of South Carolina, and conducts business in Charleston County, South Carolina, which operates and manages an Enterprise Rent-a-Car located at 2004 Savannah Highway, Charleston, South Carolina.

**FOUR:** Upon information and belief, the Defendant, American Millennium Insurance Company (hereinafter "Defendant American Millennium,"), is a corporation organized and existing under the laws of a state other than the State of South Carolina, who was the insurance carrier for Plaintiff Four Seasons Transportation, LLC, issuing policy number #LHT08199, providing coverage from 8-21-19 through 8-21-20, which coverage existed during the time of subject incident.

ELECTRONICALLY FILED - 2022 Feb 28 2:31 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

**FIVE:** The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

**SIX:** Prior to November 29, 2019, Plaintiff Gadsden purchased the 2018 Dodge Ram Pick-up truck for use with his business, Plaintiff Four Seasons Transportation, LLC.

**SEVEN:** On or about August 21, 2019, Plaintiff Gadsden insured the 2018 Dodge Ram Pick-up truck with Defendant American Millennium Insurance Company with a commercial policy and named his business, Plaintiff Four Seasons Transportation, LLC as a named insured.

**EIGHT:** Defendant American Millennium issued its policy to the Plaintiffs, policy number #LHT08199 for the effective dates of 8-21-19 through 8-21-20, which policy was to cover all losses.

**NINE:** Plaintiff Gadsden frequently has to travel for work and other reasons and prefers to rent vehicles for those traveling events.

**TEN:** On or about November 29, 2019, Plaintiff Antron Gadsden entered into a Rental Agreement with Defendant Enterprise Leasing Company-Southeast LLC, d/b/a Enterprise Rent-a-Car, located at 2004 Savannah Highway, Charleston, SC, for rental period 11-29-19 through 12-18-19.

**ELEVEN:** At the time of its delivery, Plaintiff's business vehicle was undamaged and in good working order.

**TWELVE:** Plaintiff Antron Gadsden was directed by an employee of Defendant Enterprise to leave his business vehicle, a 2018 Dodge Ram Pick-up truck, owned by the Plaintiffs, in Defendant Enterprise's parking lot during the time that Plaintiff Gadsden would be renting the vehicle.

**THIRTEEN:** Defendant Enterprise took the Plaintiffs' property under their care, claiming to provide private security and that his vehicle would be under video surveillance and checked on by the employees.

**FOURTEEN:** Despite Mr. Gadsden following Defendant Enterprise's instructions on where to put his vehicle, Defendant Enterprise's property was not properly secured, and the Plaintiffs' vehicle was broken into and stolen, on or about December 11, 2019 and used to commit a crime in Richland County, South Carolina.

**FIFTEEN:** As a result of Defendant Enterprise's negligence, the Plaintiffs not only had their vehicle stolen, but also the personal property of Mr. Gadsden's that was inside the stolen vehicle, was stolen; such personal property having a total value of approximately $7,000.00.

**SIXTEEN:** Defendant Enterprise failed to take reasonable precautions to ensure that their property was properly secured and under surveillance, especially since they were instructing

ELECTRONICALLY FILED - 2022 Feb 28 2:31 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

their customers to leave their vehicles for any period of time on their property, and had posted a sign that the property was under surveillance.

**SEVENTEEN:**  At all times relevant to this case, Defendant American Millennium was the insurance carrier for the Plaintiffs' vehicle, issuing their policy, number LHT08199, for period 8-21-19 through 8-21-20.

**EIGHTEEN:**    On or about December 12, 2019, Plaintiff Gadsden contacted Prestige International Insurance Group, Inc., the agency for Plaintiffs' insurance carrier Defendant American Millennium, to report a claim for his stolen vehicle and personal property.

**NINETEEN:**  Upon information and belief, Prestige International Insurance Group contacted Plaintiff Gadsden back on or about December 13, 2019 requesting information regarding the subject incident.  Mr. Gadsden and the adjuster for Defendant American Millennium continued to have back and forth communications regarding the status of his claim.

**TWENTY:**    Plaintiff Gadsden made a final call to the adjuster for Defendant American Millennium and was informed that his vehicle and personal property would not be covered due to where his vehicle was parked.

## FOR A FIRST CAUSE OF ACTION
## NEGLIGENT BAILMENT OF DEFENDANT ENTERPRISE

**TWENTY-ONE:** Plaintiffs reallege and reiterate the allegations contained in the above Paragraphs as fully repeated herein.

**TWENTY-TWO:**    At all times herein Plaintiffs entrusted their property to Defendant Enterprise when they knew or should have known of potential acts of criminal intention of the public to remove said property.

**TWENTY-THREE:**    At all times herein Plaintiffs entrusted their property to Defendant Enterprise and they failed to ensure or exercise due diligence in the proper care and control of Plaintiffs' property.

**TWENTY-FOUR:** At all times herein, Defendant Enterprise possessed a duty to keep said property from risk of theft by others.

**TWENTY-FIVE:**  As a direct and proximate result of Defendant Enterprise's willful, wanton, reckless, negligent and grossly negligent bailment, Plaintiffs are without the use, possession or enjoyment of their property.

**TWENTY-SIX:**  As a direct and proximate result of Defendant Enterprise's willful, wanton, reckless, negligent and grossly negligent conduct, Plaintiffs are without the use, possession or enjoyment of their property.

ELECTRONICALLY FILED - 2022 Feb 28 2:31 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

**TWENTY-SEVEN:** By reason of the foregoing, Plaintiffs have been denied use, possession or compensation of their property.

## FOR A SECOND CAUSE OF ACTION
## BREACH OF DUTY OF CARE BY BAILEE AS TO DEFENDANT ENTERPRISE

**TWENTY-EIGHT:** Plaintiffs reallege and reiterate the allegations contained in the above paragraphs as if they are set forth verbatim.

**TWENTY-NINE:** On or about December 5, 2019, when Defendant Enterprise took Plaintiff Gadsden's business vehicle into its care in exchange for receiving payment for a rental vehicle, a bailment for the mutual benefit of the parties arose.

**THIRTY:**  As a Bailee, Defendant Enterprise was required to exercise ordinary care and prudence in protection of Plaintiff's property.

**THIRTY-ONE:** Between December 5, 2019 and December 11, 2019, Defendant Enterprise failed to exercise ordinary care and prudence in the following particulars:

(a) In failing to equip its vehicle storage lot with surveillance cameras;

(b) In failing to equip its vehicle storage lot with sufficient gates and locks; or, if so equipped, in failing to properly utilize such gates and locks;

(c) In failing to take regular inventory of the vehicles on its premises;

(d) In failing to adequately investigate once it received an indication that a crime had been committed on its premises;

(e) In failing to use the degree of care and caution that a reasonably prudent person would have used under the circumstances then and there prevailing;

(f) In other particulars which discovery may show.

**THIRTY-TWO:** As a result of Defendant Enterprise's failure to exercise ordinary care in the safekeeping of Plaintiff Gadsden's property, Plaintiffs have suffered a loss of their vehicle and other pecuniary losses.

## FOR A THIRD CAUSE OF ACTION
## NEGLIGENT SECURITY OF DEFENDANT ENTERPRISE

**THIRTY-THREE:**   Plaintiffs reallege and reiterate the allegations contained in the above Paragraphs as fully repeated herein.

**THIRTY-FOUR:**    Defendant Enterprise, their agents and servants, were negligent, grossly negligent in the following manner:

a)    In failing to know or should have known that a dangerous circumstance then and there could exist in their parking lot;

b)    In failing to exercise even slight care, knew or should have known that there was a potential of damage to the Plaintiffs;

c)    In failing to fulfill the duty of care owed to the Plaintiffs in protecting their property, which damage did occur against Plaintiffs as a result of the reckless and willful acts of Defendant Enterprise;

d)    In failing to ensure adequate security and surveillance to Plaintiffs' property;

e)    In failing to ensure Plaintiffs were protected from damage; and

f)    In failing to put in place adequate security and surveillance measures designed to protect Plaintiffs' property.

**THIRTY-FIVE:**    That as a direct and proximate result of Defendant Enterprise's conduct, the Plaintiffs sustained personal property loss, damage and emotional injuries.

**FOR A FOURTH CAUSE OF ACTION**
**BREACH OF CONTRACT AS TO DEFENDANT ENTERPRISE**

**THIRTY-SIX:** Plaintiffs reallege and reiterate the allegations contained in the above paragraphs as if they are set forth verbatim.

**THIRTY-SEVEN:** The agreement between the Plaintiffs and Defendant Enterprise as set forth above constitutes a contract.

**THIRTY-EIGHT:** Defendant Enterprise breached said contract by failing to provide a secure location for Plaintiff Gadsden to store his vehicle.

**THIRTY-NINE**: As a direct and proximate cause of said breach, Plaintiffs' vehicle was stolen, resulting in pecuniary loss to the Plaintiffs.

**FOR A FIFTH CAUSE OF ACTION BAD FAITH REFUSAL**
**TO PAY BENEFITS OF DEFENDANT AMERICAN MILLENNIUM**

**FORTY**: Plaintiffs reallege and reiterate the allegations contained in the above Paragraphs as fully repeated herein.

**FORTY-ONE**: Plaintiffs suffered damages in the incident on December 11, 2019.

**FORTY-TWO**: Plaintiffs properly submitted a claim to Defendant American Millennium for the benefits they were entitled to under their policy.

ELECTRONICALLY FILED - 2022 Feb 28 2:31 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

**FORTY-THREE**:  Defendant American Millennium, its agents and employees, acting in bad faith, have failed and refused to pay benefits to Plaintiffs for this incident.

**FORTY-FOUR**:  Defendant American Millennium, its agents and employees, acted negligently, grossly negligent and in bad faith as follows:

1. In failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policy, in violation of the Code of Laws of South Carolina, Sec. 38-59-20, as amended;

2. In failing to adopt and implement reasonable standards for prompt settlement of claims arising under its policy, in violation of the Code of Laws of South Carolina, Sec. 38-59-20, as amended;

3. In failing to attempt in good faith to effect prompt, fair and equitable settlement of claims submitted to it where coverage is available and the Plaintiffs are entitled to that coverage, in violation of South Carolina Code of Laws, Sec. 38-59-20, as amended;

4. In compelling claimants to institute suits to recover amounts reasonably due or payable with respect to claims arising under its policies;

5. In failing to pay for an insured loss; and

6. In such other ways as may become evident during discovery.

**FORTY-FIVE**: As a proximate result of the bad faith acts of Defendant American Millennium, the Plaintiffs are entitled to actual damages, attorney fees and the costs of this action.

### FOR A SIXTH CAUSE OF ACTION
### BREACH OF CONTRACT OF DEFENDANT AMERICAN MILLENNIUM

**FORTY-SIX**: Plaintiffs reallege and reiterate the allegations contained in the above Paragraphs as fully repeated herein.
.
**FORTY-SEVEN**:  Defendant American Millennium, in failing to provide benefit payments to the insured, and pay claims, under the terms of its policy of insurance, have breached that insurance contract.

**FORTY-EIGHT**:  Such acts of misrepresentation constitute a breach of contract, all to Plaintiffs' detriment.

**FORTY-NINE**: As a proximate result of Defendant American Millennium's breach of contract, the Plaintiffs have been damaged and are entitled to actual damages, punitive damages, attorney fees and costs of this litigation in bad faith pursuant to Section 38-59-40, South Carolina Code of Laws, 1976.

ELECTRONICALLY FILED - 2022 Feb 28 2:31 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

ELECTRONICALLY FILED - 2022 Feb 28 2:31 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

**WHEREFORE,** the Plaintiffs prays for judgment against the Defendants in actual and compensatory damages, and punitive damages in an amount to be determined by the trier of fact, legal fees, costs of this action and any other relief this Honorable Court deems just and proper.

**WIGGER LAW FIRM, INC.**

*s/Jarrel L. Wigger*
Jarrel L. Wigger, Esq.
Attorney for the Plaintiffs
8086 Rivers Avenue
N. Charleston, SC 29406
Phone No.:  (843) 553-9800
Fax No.: (843) 553-1648
Email:  jwigger@wiggerlawfirm.com

North Charleston, South Carolina
this 28th  day of February, 2022.

ELECTRONICALLY FILED - 2022 Mar 11 2:15 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

IN THE STATE OF SOUTH CAROLINA
COUNTY OF CHARLESTON

FOUR SEASONS TRANSPORTATION,
LLC, AND ANTRON GADSDEN,

     Plaintiff,

     v.

ENTERPRISE LEASING COMPANY –
SOUTHEAST, LLC D/B/A ENTERPRISE
RENT A CAR, AMERICAN MILLENNIUM
INSURANCE COMPANY,

     Defendants.

IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL CIRCUIT

CASE NUMBER: 2022-CP-10-00977

**AFFIDAVIT OF SERVICE**

I, Barbara E. Boylston, who, being duly sworn, depose and say that on the 7th day of March, 2022 I served the Defendant, Enterprise Leasing Company-Southeast, LLC, d/b/a Enterprise Rent A Car, by certified mail, a true copy of the Summons and Complaint (See Attached Return Receipt) at the following address:

**Party Served:**    C.T. Corporation System, Registered Agent
Enterprise Leasing Company, SE, LLC
2 Office Park Court, Suite 103
Columbia, SC   29223

**WIGGER LAW FIRM, INC.**

Barbara E. Boylston
8086 Rivers Avenue
N. Charleston, SC 29406

SWORN to before me this _11_
day of _March_____, 2022

NOTARY PUBLIC FOR SC
My Commission Exp: _6/11/23_



ELECTRONICALLY FILED - 2022 Mar 11 2:15 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C.T. Corporation System
Reg. Agent, Enterprise
Leasing Co. SC, LLC
2 Office Park Court, Suite 103
Columbia, SC  29223

9590 9402 6055 0125 5943 85

2. Article Number *(Transfer from service label)*

7020 1810 0001 5486 5110

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Lisa Cutler_    ☐ Agent
                  ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

_Lisa Cutler_    3.7.22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

ELECTRONICALLY FILED - 2022 Mar 11 2:15 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

IN THE STATE OF SOUTH CAROLINA
COUNTY OF CHARLESTON

FOUR SEASONS TRANSPORTATION,
LLC, AND ANTRON GADSDEN,

       Plaintiff,

       v.

ENTERPRISE LEASING COMPANY –
SOUTHEAST, LLC D/B/A ENTERPRISE
RENT A CAR, AMERICAN MILLENNIUM
INSURANCE COMPANY,

       Defendants.

IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL CIRCUIT

CASE NUMBER: 2022-CP-10-00977

**AFFIDAVIT OF SERVICE**

I, Barbara E. Boylston, who, being duly sworn, depose and say that on the 7th day of March, 2022 I served the Defendant, Enterprise Leasing Company-Southeast, LLC, d/b/a Enterprise Rent A Car, by certified mail, a true copy of the Summons and Complaint (See Attached Return Receipt) at the following address:

**Party Served:**    C.T. Corporation System, Registered Agent
                   Enterprise Leasing Company, SE, LLC
                   2 Office Park Court, Suite 103
                   Columbia, SC   29223

                   **WIGGER LAW FIRM, INC.**

                   Barbara E. Boylston
                   8086 Rivers Avenue
                   N. Charleston, SC 29406

SWORN to before me this 11
day of March , 2022

NOTARY PUBLIC FOR SC
My Commission Exp: 6/11/23



ELECTRONICALLY FILED - 2022 Mar 11 2:15 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C.T. Corporation System
Reg. Agent, Enterprise
Leasing Co. SC, LLC
2 Office Park Court, Suite 103
Columbia, SC 29223

9590 9402 6055 0125 5943 85

2. Article Number *(Transfer from service label)*

7020 1810 0001 5486 5110

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Lisa Cutler          ☐ Agent
                        ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery
Lisa Cutler                          3.7.22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

ELECTRONICALLY FILED - 2022 Apr 28 3:39 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

IN THE COURT OF COMMON PLEAS

CIVIL ACTION NO: 2022-CP-10-00977

Four Seasons Transportation, LLC and Antron Gadsden,

                                    Plaintiffs,

v.

Enterprise Leasing Company – Southeast, LLC D/B/A Enterprise Rent A Car, American Millennium Insurance Company,

                                    Defendants.

**ENTERPRISE LEASING COMPANY – SOUTHEAST, LLC D/B/A ENTERPRISE RENT A CAR ANSWER TO THE PLAINTIFFS' COMPLAINT**

**(Jury Trial Demanded)**

**TO:    JARREL L. WIGGER, ESQUIRE, ATTORNEYS FOR PLAINTIFFS AND TO THE PLAINTIFFS NAMED ABOVE:**

This Defendant, Enterprise Leasing Company – Southeast, LLC D/B/A Enterprise Rent A Car, by and through its undersigned counsel and responding to the Complaint of the Plaintiffs, answer as follows:

**<u>FOR A FIRST DEFENSE</u>**

1.      Each and every allegation of the Complaint not hereinafter specifically admitted or qualified is hereby denied.

2.      This Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in Paragraphs 1 and 2 of the Plaintiff's Complaint.

3.      Upon information and belief, this Defendant admits the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4.      This Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

ELECTRONICALLY FILED - 2022 Apr 28 3:39 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

5.      Upon information and belief, this Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6.      This Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in Paragraphs 6, 7, 8, and 9 of the Plaintiff's Complaint, and therefore denies the same.

7.      This Defendant admits that the Antron Gadsden entered into a Rental Agreement with Enterprise Leasing Company-Southeast LLC, d/b/a Enterprise Rent-a-Car, located at 2004 Savannah Highway, Charleston, SC on November 29, 2019, but denies the remaining allegations of Paragraph 10 of the Plaintiff's Complaint.

8.      This Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in Paragraph 11 of the Plaintiff's Complaint, and therefore denies the same.

9.      This Defendant denies the allegations contained in Paragraphs 12 and 13 of the Plaintiff's Complaint.

10.      This Defendant denies that this Defendant instructed the Plaintiff where to put his vehicle and likewise denies that this Defendant's property was not properly secured. This Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Plaintiff's Complaint, and therefore denies the same.

11.      This Defendant denies the allegations contained in Paragraphs 15 and 16 of the Plaintiff's Complaint.

ELECTRONICALLY FILED - 2022 Apr 28 3:39 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

12.    This Defendant is without knowledge or information sufficient at this time to form a belief as to the truth of the allegations contained in Paragraph 17, 18, 19, and 20 of the Plaintiff's Complaint, and therefore denies the same.

13.    In responding to the allegations contained in Paragraph 21 of the Plaintiff's Complaint, this Defendant realleges all prior paragraphs of this Answer and incorporates them herein by reference.

14.    This Defendant denies the allegations contained in Paragraphs 22 through 27 of the Plaintiff's Complaint.

15.    In responding to the allegations contained in Paragraph 28 of the Plaintiff's Complaint, this Defendant realleges all prior paragraphs of this Answer and incorporates them herein by reference.

16.    This Defendant denies the allegations contained in Paragraphs 28 through 32 of the Plaintiff's Complaint.

17.    In responding to the allegations contained in Paragraph 33 of the Plaintiff's Complaint, this Defendant realleges all prior paragraphs of this Answer and incorporates them herein by reference.

18.    This Defendant denies the allegations contained in Paragraphs 34 and 35 of the Plaintiff's Complaint.

19.    In responding to the allegations contained in Paragraph 36 of the Plaintiff's Complaint, this Defendant realleges all prior paragraphs of this Answer and incorporates them herein by reference.

20.    This Defendant denies the allegations contained in Paragraphs 37, 38, and 39 of the Plaintiff's Complaint.

ELECTRONICALLY FILED - 2022 Apr 28 3:39 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

21.     In responding to the allegations contained in Paragraph 36 of the Plaintiff's Complaint, this Defendant realleges all prior paragraphs of this Answer and incorporates them herein by reference.

22.     The allegations of the Plaintiff's fourth cause of action set forth in Paragraphs 37, 38, and 39 are not directed to this Defendant, and therefore no response is required.  To the extent that a response may be required however, this Defendant denies the allegations therein to the extent contrary or adverse to the interests of this Defendant.

23.     In responding to the allegations contained in Paragraph 40 of the Plaintiff's Complaint, this Defendant realleges all prior paragraphs of this Answer and incorporates them herein by reference.

24.     The allegations of the Plaintiff's fifth cause of action set forth in Paragraphs 41 through 45 are not directed to this Defendant, and therefore no response is required.  To the extent that a response may be required however, this Defendant denies the allegations therein to the extent contrary or adverse to the interests of this Defendant.

25.     In responding to the allegations contained in Paragraph 46 of the Plaintiff's Complaint, this Defendant realleges all prior paragraphs of this Answer and incorporates them herein by reference.

26.     The allegations of the Plaintiff's sixth cause of action set forth in Paragraphs 47 through 49 are not directed to this Defendant, and therefore no response is required.  To the extent that a response may be required however, this Defendant denies the allegations therein to the extent contrary or adverse to the interests of this Defendant.

ELECTRONICALLY FILED - 2022 Apr 28 3:39 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

**FOR A SECOND DEFENSE**

27.     The Complaint fails to state facts sufficient to constitute a cause of action and, therefore, should be dismissed.

**FOR A THIRD DEFENSE**

28.     Any damage suffered by Plaintiffs was the direct and proximate result of Plaintiffs' own negligence and Plaintiffs' recovery should be barred or, alternatively, reduced in proportion to the amount of their own negligence.

**FOR A FOURTH DEFENSE**

29.     This Defendant would show that such injuries of losses that Plaintiffs sustained, if any, were not caused by any negligence on the part of this Defendant but were rather due to and caused by the intervening and superseding fault, breach of warranty or act of omission of a third party, over which this Defendant had no control.

**FOR A FIFTH DEFENSE**

30.     This Defendant would show, upon information and belief, that the Plaintiffs' claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that the Defendant could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because the Defendant can be compelled to give testimony against Defendant's self in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiffs' claim for punitive damages violates this Defendant's right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of

ELECTRONICALLY FILED - 2022 Apr 28 3:39 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977

an award of punitive damages chills the Defendant's exercise of that right; the Plaintiffs' claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed, the Plaintiffs' claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiffs' claim for punitive damages should be dismissed..

### FOR A SIXTH DEFENSE

31.    Pursuant to S.C. Code Ann. §15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

### FOR A SEVENTH DEFENSE

32.    Any award of punitive damages should not exceed the greater of three (3) times the amount of compensatory damages as provided for in S.C. Code Ann. §15-32-530.

### FOR AN EIGHTH DEFENSE

33.    This Defendant denies ownership or control of the subject parking lot where the Plaintiff's car was parked.

### FOR A NINTH DEFENSE

34.    This Defendant alleges that the Plaintiff primarily assumed the risk of parking his vehicle in parking lot that was known to him was not under the control of this Defendant.

**WHEREFORE**, having fully answered the Complaint, the Defendants deny the Plaintiff is entitled to any relief whatsoever and prays that the Complaint be dismissed with prejudice and for such other and further relief as the Court deems just and proper.

 The Defendants demand a jury trial.

**[Signature Block on following Page]**

**MURPHY & GRANTLAND, P.A.**

_s/Anthony W. Livoti_
Anthony W. Livoti, Esquire
S.C. Bar No. 13971
JD Elliott, Esquire
S.C. Bar No. 104124
4406-B Forest Drive
Post Office Box 6648
Columbia, SC  29260
Tel.: (803) 782-4100; Fax: (803) 782-4140

Attorneys for Defendant Enterprise Leasing
Company – Southeast, LLC D/B/A Enterprise Rent
A Car

Columbia, South Carolina
April 28, 2022

ELECTRONICALLY FILED - 2022 Apr 28 3:39 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977



# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105

June 7, 2022

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
AMERICAN MILLENNIUM INSURANCE COMPANY
c/o Westmont Assocaites, Inc.
1763 Marlton Pike East
Cherry, NJ 08003

Dear Sir:

On June 7, 2022, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 38-77-160. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to spurvis@doi.sc.gov.** When replying, please refer to File Number 189216, <u>Four Seasons Transportation, LLC, et al.</u> v. AMERICAN MILLENNIUM INSURANCE COMPANY, <u>et al.</u>, 2022-CP-10-00977.

By:

*Gwendolyn Fuller McGriff*

Gwendolyn McGriff
General Counsel
(803)737-6732

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:    Jarrel L. Wigger
        8086 Rivers Avenue
        North Charleston, SC    29406

ELECTRONICALLY FILED - 2022 Jun 14 3:24 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1000977