# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Four Seasons Transportation, LLC and Antron Gadsden,<br><br>        Plaintiffs,<br>v.<br><br>Enterprise Leasing Company - Southeast, LLC D/B/A Enterprise Rent A Car, American Millennium Insurance Company,<br><br>        Defendants. | Case No. 2:22-cv-02272-RMG<br><br>**ORDER AND OPINION** |

This matter is before the court on Plaintiffs' Motion to Remand (Dkt. No. 7). Defendants responded in opposition, (Dkt. No. 8), and Plaintiffs replied, (Dkt. No. 12). For the reasons set forth below, the Court grants the motion.

**I.   Background**

Plaintiffs alleged that their vehicle was stolen when left under Defendant Enterprise's care. (Dkt. No. 1-1 at 3). Plaintiffs further alleged that Defendant American Millennium Insurance improperly denied coverage for the alleged stolen vehicle. (*Id.* at 4).

Based on these allegations, Plaintiffs, a South Carolina resident and a South Carolina corporation, initiated this suit in the Charleston County Court of Common Pleas, claiming various negligence causes of action against Defendant Enterprise, a Delaware Corporation, and various breach of contract causes of action against Defendant American Millennium Insurance, a New Jersey Corporation. (*Id.* at 4-7). In their complaint, the Plaintiffs seek "actual and compensatory damages, and punitive damages in an amount to be determined by the trier of fact, legal fees, costs of this action and any other relief [the court] deems just and proper." (*Id.* at 8).

Defendants timely filed their notice of removal to this Court based on diversity jurisdiction. (Dkt. No. 1). Plaintiffs filed a motion to remand the case to state court, (Dkt. No. 7), along with a unilateral stipulation of the amount in controversy, (Dkt. No. 7-1). The stipulation states that "the amount in controversy for this matter is less that $75,000 . . . an that [Plaintiffs] will not seek to recover or collect any amount above $74,999.00." (*Id.*). Defendants responded in opposition to the remand motion, (Dkt. No. 8), and Plaintiffs replied, (Dkt. No. 12). The remand motion is now ripe for review.

## II.    Standard

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *In re Blackwater Sec. Consulting, LLC*, 460 F.3 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction, *Baxley v. Advance Auto Parts, Inc.*, 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises under federal law, *see* 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizens of different states, *see* 28 U.S.C. § 1332.

### III. Discussion

The procedure for removal is governed by 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). Defendants timely removed this action pursuant to 28 U.S.C. § 1446(b). Defendants argue that the court has diversity jurisdiction over this action because the parties are completely diverse and because the amount in controversy—based on the face of the complaint—exceeds $75,000.

There is no dispute that the parties are diverse. Rather the only issue before the court is whether the amount in controversy exceeds $75,000.

Courts generally determine the amount in controversy by examining the complaint at the time of the commencement of the state court action and at the time of the removal. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). When the amount in controversy is indeterminate based on the complaint, courts consider evidence of damages subsequent to the complaint to clarify the amount of damages. *Covington v. Sygenta Corp.*, 225 F.Supp.3d 384, 389 (D.S.C. 2016). In these indeterminate cases, stipulations may also provide clarity. *See id.*

Courts have required removing defendants to show that the amount-in-controversy has been satisfied with "legal certainty" or at least within a "reasonable probability." *Murray v. Progressive Northern Ins.*, 2:21-cv-03148-DCN, 2022 WL 42813, at *2 (D.S.C Jan. 5, 2022) (citing *Carter v. Bridgestone Ams., Inc.*, 2013 WL 3946233, at *1-2 (D.S.C. July 31, 2013)). The existence of a claim for punitive damages does not establish to a "legal certainty" or "reasonable probability" that the amount in controversy exceeds $75,000. *Murray*, 2022 WL 42813, at *2; *see also Brown v. VSC Fire & Sec., Inc.*, 4:15-05031-BHH, 2016 WL 1600126, at *3 (D.S.C. Apr. 20, 2016) ("[A] request for punitive damages will not necessarily preclude remand for failure to

establish the amount in controversy required to exercise federal jurisdiction."); *Hamilton v. Ocwen Loan Serv., LLC*, 9:12-cv-03111-PMD, 2013 WL 499159, at *6 (D.S.C. Feb. 7, 2013) ("Plaintiffs' request for punitive damages alone does not show that the jurisdictional minimum has been met."); *Hagood v. Electrolux Home Prods., Inc.*, 8:06-1799-HFF, 2006 WL 1663804, at *2 (D.S.C. Jun. 15, 2006) ("[I]t was never the intent of Congress for the federal courts to exercise jurisdiction over every state case in which punitive damages have been pled and the parties are of diverse citizenship.").

Here, the Complaint requests actual, consequential, and punitive damages. (Dkt. No. 1-1 at 8). The Complaint does not specify an amount of damages, but Plaintiffs stipulate that the total amount in controversy of their claims is no more than $74,999.00. (Dkt. No. 1-1; Dkt. No. 7-1). Defendants argue that the damages could exceed the jurisdictional threshold by presenting evidence of actual damages. (Dkt. No. 8 at 2). According to Defendants, the value of the alleged stolen vehicle and the personal property that was allegedly stolen with the vehicle would be approximately $56,000. (*Id.*) Defendants argue that if Plaintiffs' claims succeeded, the value of the stolen property, consequential damages due to Plaintiffs' loss of use of the stolen property, and punitive damages would total to more than $75,0000. (*Id.*)

The Court finds that Defendants did not show with legal certainty that the amount in controversy is met. Defendants' calculation of actual damages does not by itself meet the jurisdictional threshold. Additionally, consequential and punitive damages here remain indeterminate. Because of this ambiguity, the Court finds that the stipulation is a source of clarification that the amount in controversy does not exceed the jurisdictional amount. Considering the stipulation, the tenuous nature of the consequential and punitive damages, and the fact that Defendants' calculation of actual damages does not meet the jurisdictional threshold, the Court

finds that Defendants did not show with legal certainty, or even a reasonable probability, that the amount in controversy exceeds $75,000.

## IV.     Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Remand (Dkt. No. 7). The Court **REMANDS** this case to the Charleston County Court of Common Pleas.

_s/ Richard Mark Gergel_<br>
Richard Mark Gergel<br>
United States District Judge

August 26, 2022<br>
Charleston, South Carolina